Maria Sumarsih **SUMARDULLAH**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–70802.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 22, 2004.

Fed. R.App. P. 34(a)(2).

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., Mary Jane Candaux, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, LEAVY and FISHER, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM **

Maria Sumarsih Sumardullah, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' summary affirmance without opinion of the Immigration Judge's denial of Sumardullah's applications for withholding of removal, and relief under the Convention Against Torture. The IJ pretermitted Sumardullah's asylum application because it was not timely filed. We deny the petition for review.

Sumardullah contends that she is eligible for withholding of removal because she suffered past persecution on account of her Christian religion and on account of her membership in a particular group as a Christian woman, and that there is a clear probability that she will be persecuted if she returns to Indonesia in the future.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003). An alien is not entitled to mandatory withholding of deportation unless there is "a 'clear probability'—i.e., unless' it is more likely than not'—that [s]he will be subject to prosecution." *Lim v. INS*, 224 F.3d 929, 938 (9th Cir.2000). We conclude that substantial evidence supports the IJ's conclusion that Sumardullah failed to produce sufficient evidence to demonstrate a "clear probability" of persecution and her eligibility for withholding of removal.

Sumardullah testified that she had endured past religious-based harassment: she was repeatedly verbally harassed on her way to attend religious services; she was once pushed by an unidentified Muslim; and a Muslim neighbor verbally

warned her prayer group on three occasions to stop having religious meetings in the neighborhood. The IJ found that such evidence does not constitute past persecution, and we conclude that the evidence does not "compel" a contrary finding. *See INS v. Elias–Zacarias,* 502 U.S. 478 at n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (to obtain reversal petitioner must show that evidence compels it); *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (harassment, threats and one beating did not constitute persecution).

Sumardullah testified that various friends in Indonesia continued to have problems and had suffered religious-based persecution, and she presented documentary evidence in the form of State Department reports and newspaper articles which describe general violence between Christians and Muslims in Indonesia. The IJ concluded that although "circumstances in Indonesia are very frightening for all people," the IJ could not find that the general country conditions met the heightened standard of a "clear probability" of future persecution to merit withholding of removal. We agree, especially, where as here, petitioner's family members continue to reside in the same house and continue to practice their religion. *See Lim,* 224 F.3d at 935 (ongoing family safety mitigates the risk of persecution when the family members are "similarly situated to the applicant and thus presumably subject to similar risk.") Accordingly, we conclude that Sumardullah is not entitled to withholding of removal.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**